IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **AYNEKULU ABERA NEGATU,** | : | |
| Petitioner, | : | |
| V. | : | NO. 3:22-cv-00015-CDL-CHW |
| **WALTON COUNTY OFFICERS,** | : | |
| Respondents. | : | |

## ORDER

Petitioner Aynekulu Abera Negatu, a detainee in the Walton County Jail in Monroe, Georgia, filed a handwritten document in the Northern District of Georgia, which was docketed there as a petition for a writ of mandamus under 28 U.S.C. § 1361. Compl. for Mandamus Relief, ECF No. 1. Because Petitioner's claims related to his confinement in the Walton County Jail, the Northern District transferred the case to this Court.

In his filing, Petitioner asserts that he was charged with misdemeanors on January 30, 2021, and that he has been held in the Walton County Jail since that time. *Id.* Petitioner states that he is from Ethiopia and is seeking help getting freed from the jail.[1] *Id.* To the extent that Petitioner is generally seeking help with his criminal proceedings, the Court's role is to resolve active and ongoing controversies between parties. The Court does not provide general assistance in helping a detainee or prisoner secure his release.

---

[1] Petitioner also states that he is seeking government assistance in finding housing, transportation, and employment after he is released. Providing such assistance is not a service that is provided by this Court. Petitioner must seek any such assistance through the proper governmental offices.

Nevertheless, it appears that Petitioner may be seeking to challenge the constitutionality of his current confinement. As Petitioner does not indicate that he has been convicted and sentenced on the charges filed against him, it appears that his petition will be governed by 28 U.S.C. § 2241. If Petitioner has been convicted and sentenced, his petition will fall under 28 U.S.C. § 2254. Thus, if he wants to proceed in this case with a challenge to his current confinement, Petitioner is now **ORDERED** to complete and file the enclosed 28 U.S.C. § 2241 petition or 28 U.S.C. § 2254 petition, depending on his incarceration status.

Additionally, Petitioner has not either paid the $5.00 filing fee for this action or moved for leave to proceed without prepayment of the filing fee. Thus, Petitioner is **ORDERED** to either pay the $5.00 filing fee for a habeas corpus action or move for leave to proceed *in forma pauperis*. If he files a motion to proceed *in forma pauperis*, Petitioner should be aware that a prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). The trust fund account statement (or similar documentation) provides the Court with information it needs to determine the average monthly deposits or the average monthly balance in Petitioner's trust account, as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available). If Petitioner seeks leave to proceed *in forma pauperis*, his motion must be supported by the proper documentation.

Therefore, the Clerk of Court is **DIRECTED** to forward Petitioner a 28 U.S.C. § 2241 habeas corpus petition, a 28 U.S.C. § 2254 habeas corpus petition, and a motion to proceed without prepayment of fees, with the proper account certification form and Petitioner's service copy of this order (all showing the civil action number). If he wishes to proceed with this action, Petitioner is **ORDERED** to complete and return the appropriate habeas corpus petition and either pay the $5.00 filing fee or complete and return the motion to proceed without prepayment of fees. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this order to take the steps outlined herein. Petitioner's failure to fully and timely comply with this order may result in the dismissal of this action.

There shall be no service of process in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 8th day of March, 2022.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge