IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| AYNEKULU ABERA NEGATU, | : | |
| Petitioner, | : | |
| V. | : | NO. 3:22-cv-00015-CDL-CHW |
| WALTON COUNTY OFFICERS, *et al.*, | : | |
| Respondents. | : | |

## ORDER OF DISMISSAL

Petitioner Aynekulu Abera Negatu, a detainee in the Walton County Jail in Monroe, Georgia, filed a handwritten document in the Northern District of Georgia, which was docketed there as a petition for a writ of mandamus under 28 U.S.C. § 1361. Compl. for Mandamus Relief, ECF No. 1. Because Petitioner's claims related to his confinement in the Walton County Jail, the Northern District transferred the case to this Court. Case Transferred, ECF No. 4.

In his filing, Petitioner asserted that he was charged with misdemeanors on January 30, 2021, and that he had been held in the Walton County Jail since that time. *Id.* Petitioner stated that he was from Ethiopia and was seeking help getting freed from the jail. *Id.* In response, Petitioner was instructed that, to the extent that he was generally seeking help with his criminal proceedings, the Court's role is to resolve active and ongoing controversies between parties and not to provide general assistance in helping a detainee or prisoner secure his release. Order to Recast, ECF No. 6. Insofar as it appeared that Petitioner may have been seeking to challenge the constitutionality of his current

confinement, he was given the opportunity to redraft his pleading as a petition for a writ of habeas corpus. To that end, Petitioner was ordered to complete and return the appropriate habeas corpus form if he wanted to proceed in this case. *Id.* Petitioner was also ordered to either pay the $5.00 filing fee for a habeas corpus action or move for leave to proceed *in forma pauperis*. *Id.*

Petitioner was forwarded both a 28 U.S.C. § 2241 form and a 28 U.S.C. § 2254 form, and he was provided instructions with regard to which form to submit depending on his circumstances. *Id.* Rather than filing only the appropriate form, Petitioner subsequently returned both the § 2241 form and the § 2254 form to this Court. Pet. for Writ of Habeas Corpus Under § 2241, ECF No. 8; Pet. for Writ of Habeas Corpus Under § 2254, ECF No. 9. Moreover, Petitioner left many of the questions on both forms blank. *See id.*

Additionally, Petitioner filed a motion for leave to proceed *in forma pauperis*, but he did not submit a certified account statement in support of the motion, as he was ordered to do. *See* Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 7. In short, Petitioner did not comply with the Court's instructions in the previous order to complete and return the proper habeas corpus form and to file a proper and complete motion for leave to proceed *in forma pauperis*. As a result, he was ordered to respond and show cause to the Court why this case should not be dismissed for failure to follow the Court's orders. Order to Show Cause, ECF No. 11. Petitioner was given fourteen days to respond and was cautioned that his failure to do so would result in the dismissal of this case. *Id.*

Petitioner filed a response stating only that he did not know why this case should not be dismissed. Response, ECF No. 12. Petitioner did not sign the response, and the Clerk issued a notice to Petitioner that he must sign and return the response within twenty-one days or his case may be dismissed. More than twenty-one days have now passed since the notice of deficiency was issued, and Petitioner has not returned the signed response or otherwise responded to the order to show cause. Even if this Court were to consider the unsigned response, it does not provide any explanation as to why this case should not be dismissed.

Thus, because Petitioner has failed to respond to the Court's orders or otherwise prosecute this case, his complaint is now **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this **15th** day of **June, 2022**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA